**VIA NET, U.S. Delivery Systems, Houston, U.S. Delivery Systems, Inc. and Corporate Express, Inc., Petitioners,**

v.

**TIG INSURANCE COMPANY and Safety Lights Company, Respondents.**

No. 05–0785.

Supreme Court of Texas.

Dec. 22, 2006.

---

Andrew J. Mytelka, Joseph A.C. Fulcher, Jeffrey N. Todd, David R. Clouston, Christopher Richie, Kevin A. Kinnan, for petitioners.

Mitchell D. Rose, Michael D. Patrizio, David J. Plavnicky, for respondents.

PER CURIAM.

Nine months after being assured it had been added as an additional insured to a vendor's insurance policy, Safety Lights was denied coverage. After an unsuccessful suit on the policy, Safety Lights sued its vendor for breaching the promise to

provide additional-insured coverage.[1] That suit was filed less than four years after coverage was denied, but more than four years after the promise to provide coverage was breached. The trial court held the claim was barred, but the court of appeals reversed as the discovery rule might make it timely. Because the discovery rule does not apply to this type of claim, we reverse.

In early 1996, Safety Lights informed its vendors that it would no longer buy from them unless it was added as an additional insured under their commercial general liability policies. Via Net agreed to do so, and its insurance broker issued a certificate of insurance in February 1997 listing Safety Lights as "holder" and stating that "holder is added as additional insured re: General Liability." But the certificate also stated:

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

In fact, Via Net's policy with Lumbermens Mutual Casualty Company did not provide for additional-insured coverage, and no endorsement adding it as an additional insured was ever issued.

In June 1997, a Via Net employee named Guy Wright was injured when Safety Lights' employees allegedly dropped a 3000–pound steel plate on his hand. He sued three weeks later, and Safety Lights requested a defense from Lumbermens three months later. Pointing to its policy,

Lumbermens denied the claim in a letter Safety Lights received on December 9, 1997.

Safety Lights settled Wright's suit in 1999 for $235,000, and sued Lumbermens and Via Net's broker for breach of contract and misrepresentation. A federal district court dismissed the claim because (1) Lumbermens' policy did not provide coverage for additional insureds, and (2) Safety Lights' reliance on the certificate of insurance was unreasonable as it explicitly did not alter coverage. *See TIG Ins. Co. v. Sedgwick James of Washington,* 184 F.Supp.2d 591, 598, 604 (S.D.Tex.2001), *aff'd,* 276 F.3d 754 (5th Cir.2002).

On December 7, 2001 (almost precisely four years after Lumbermens denied coverage), Safety Lights filed this breach of contract suit against Via Net for failing to add it as an additional insured. The parties agree that the four-year statute of limitations applies. *See* TEX. CIV. PRAC. & REM.CODE § 16.004(a)(3); *Stine v. Stewart,* 80 S.W.3d 586, 592 (Tex.2002). Via Net moved for summary judgment on the ground that more than four years had elapsed since the alleged breach of contract, and the trial court granted the motion.

The court of appeals reversed, finding the discovery rule could defer accrual until Safety Lights received Lumbermens' denial on December 9th. *See* 178 S.W.3d 10 (Tex.App.-Houston [1st Dist.] 2005). The court refused to consider whether the discovery rule might not apply, as that issue was raised not in the defendants' motion for summary judgment (which was based on limitations generally) but in the plain-

1. The coverage suits here and in federal court were brought by TIG Insurance Co., Safety Light's insurer, in its own name and that of its insured; for ease of reference we refer to both as "Safety Lights." For the same reason we refer to the defendants as "Via Net," even though the petition for review here was filed by two of its affiliates and the style of the case lists a third.

tiffs' response and the defendants' subsequent reply. *Id.* at 16 n. 6.

▰ But a defendant's motion for summary judgment based on limitations need not negate the discovery rule unless the plaintiff has pleaded it. *See In re Estate of Matejek,* 960 S.W.2d 650, 651 (Tex.1997) (per curiam); *Woods v. William Mercer, Inc.,* 769 S.W.2d 515, 517–18 (Tex. 1988). Here, Safety Lights never did. Defendants are not required to guess what unpleaded claims might apply and negate them. *See SmithKline Beecham Corp. v. Doe,* 903 S.W.2d 347, 355 (Tex.1995) ("A defendant need not, however, show that the plaintiff cannot succeed on any theory conceivable in order to obtain summary judgment; he is only required to meet the plaintiff's case as pleaded.") (internal quotation omitted).

▰ When Safety Lights asserted the discovery rule for the first time in its summary judgment response, Via Net had two choices: it could object that the discovery rule had not been pleaded, or it could respond on the merits and try the issue by consent. *See Roark v. Stallworth Oil and Gas, Inc.,* 813 S.W.2d 492, 495 (Tex.1991). By choosing the latter course, the discovery rule's applicability was placed squarely before the trial and appellate courts. *See* TEX.R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, *answer* or *other response* shall not be considered on appeal as grounds for reversal.") (emphasis added); *see also Stiles v. Resolution Trust Corp.,* 867 S.W.2d 24, 26 (Tex.1993) ("[W]e hold that a summary judgment cannot be affirmed on grounds not expressly set out in the motion *or response*.") (emphasis added). The court of appeals erred in holding otherwise.

▰ Having determined that the issue was properly raised, we turn to whether the discovery rule applies to contract claims like the one asserted here. Normally a cause of action accrues when a wrongful act causes some legal injury. *See S.V. v. R. V.,* 933 S.W.2d 1, 4 (Tex. 1996). But accrual may be deferred if "the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." *Computer Assocs. Int'l, Inc. v. Altai, Inc.,* 918 S.W.2d 453, 456 (Tex.1996). The Legislature has adopted the discovery rule in some cases. *See, e.g.,* TEX. BUS. & COM.CODE §§ 17.565 (deceptive trade practices), 24.010(b)(1) (fraudulent transfer claims by spouse, minor, or ward); TEX. CIV. PRAC. & REM.CODE §§ 16.010(a) (misappropriation of trade secrets), 110.007(a) (burden on religious freedom), 143.001(b) (harmful access by computer), 171.088(b) (vacating arbitration award); TEX.REV.CIV. STAT. art. 581–33(H)(2) (untruth or omission in securities sales). But it has specifically rejected the discovery rule in others, including contract cases involving the sale of goods. *See* TEX. BUS. & COM.CODE § 2.725(b). While the Legislature's silence on accrual in most cases leaves that question to the courts, we have restricted the discovery rule to exceptional cases to avoid defeating the purposes behind the limitations statutes. *See S.V.,* 933 S.W.2d at 25 (noting that applications of the discovery rule "should be few and narrowly drawn"); *Computer Assocs.,* 918 S.W.2d at 456, 457 (noting that discovery rule is "a very limited exception to statutes of limitations" that applies "in certain limited circumstances").

▰ Via Net does not contest that a failure to add a third party as an additional insured is objectively verifiable. But it does argue that such a failure is not inherently undiscoverable. "An injury is inherently undiscoverable if it is, by its nature, unlikely to be discovered within the prescribed limitations period despite due dili-

gence." *Wagner & Brown, Ltd. v. Horwood,* 58 S.W.3d 732, 734–35 (Tex.2001). This legal question is decided on a categorical rather than case-specific basis; the focus is on whether a *type* of injury rather than a *particular* injury was discoverable. *Id.* at 736; *Apex Towing Co. v. Tolin,* 41 S.W.3d 118, 122 (Tex.2001).

"It is well-settled law that a breach of contract claim accrues when the contract is breached." *Stine v. Stewart,* 80 S.W.3d 586, 592 (Tex.2002). We have twice refused to apply the discovery rule to defer accrual until a breach of contract is discovered. *See Wagner & Brown,* 58 S.W.3d at 737; *HECI Exploration Co. v. Neel,* 982 S.W.2d 881, 888 (Tex.1998). In both cases, royalty owners argued the discovery rule should apply because due diligence did not require that they verify information or payments received from their lessees. We disagreed, holding that the duties the law imposes on lessees "do not dispense with the need for royalty owners to exercise due diligence in enforcing their contractual rights, express or implied, within the statutory limitations period." *HECI,* 982 S.W.2d at 887; *see also Wagner & Brown,* 58 S.W.3d at 737.

■■ Contracting parties are generally not fiduciaries. *See Schlumberger Tech. Corp. v. Swanson,* 959 S.W.2d 171, 177 (Tex.1997). Thus, due diligence requires that each protect its own interests. *See Barfield v. Howard M. Smith Co. of Amarillo,* 426 S.W.2d 834, 840 (Tex.1968) ("As a party to arm's length business transactions, respondent had a duty to use ordinary care for the protection of its own interests"). Due diligence may include asking a contract partner for information needed to verify contractual performance. *See Wagner & Brown,* 58 S.W.3d at 736; *HECI,* 982 S.W.2d at 886. If a contracting party responds to such a request with false information, accrual may be delayed for fraudulent concealment. *Wagner & Brown,* 58 S.W.3d at 737; *HECI,* 982 S.W.2d at 886. But failing to even ask for such information is not due diligence. *See Wagner & Brown,* 58 S.W.3d at 736; *HECI,* 982 S.W.2d at 886.

Safety Lights argues that it acted diligently by obtaining a certificate of insurance listing it as an additional insured. But the certificate warned that it conferred no rights and was limited by the underlying policy. Safety Lights argues, with some force, that there is little use for certificates of insurance if contracting parties must verify them by reviewing the full policy. But the purpose of such certificates is more general, "acknowledging that an insurance policy has been written, and setting forth in general terms what the policy covers." BLACK'S LAW DICTIONARY 240 (8th ed.2004). Given the numerous limitations and exclusions that often encumber such policies, those who take such certificates at face value do so at their own risk.

Moreover, in this case Safety Lights learned of the breach within a few months after it occurred. While the facts of this specific case do not govern the categorical inquiry, they are not atypical. Additional-insured status under a general liability policy generally provides coverage for personal injury and property damage claims, most of which must be brought within two years of injury. *See* TEX. CIV. PRAC. & REM.CODE § 16.003. Accordingly, unless no claims are filed for a long time, breach will generally be discovered within four years.

■ We do not hold today that the discovery rule can never apply to breach of contract claims. Our attempts to bring predictability and consistency to discovery rule jurisprudence have focused on types of injury, not causes of action. *See, e.g., Pustejovsky v. Rapid–American Corp.,* 35 S.W.3d 643, 653 (Tex.2000); *HECI,* 982

S.W.2d at 886; *Childs v. Haussecker,* 974 S.W.2d 31, 38 (Tex.1998); *Velsicol Chem. Corp. v. Winograd,* 956 S.W.2d 529, 531 (Tex.1997). Some contract breaches may be inherently undiscoverable and objectively verifiable. But those cases should be rare, as diligent contracting parties should generally discover any breach during the relatively long four-year limitations period provided for such claims.

Accordingly, we hold that the discovery rule is inapplicable to defer accrual of the claim asserted here. We grant Via Net's petition for review, and without hearing oral argument, we reverse the court of appeals' judgment and render judgment that Safety Lights take nothing. *See* Tex. R.App. P. 59.1.