

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00298-CV

JERALD MILLER                                                    APPELLANT

V.

SHEREE LUCAS                                                      APPELLEE

----------

### FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY
### TRIAL COURT NO. 2011-003194-3

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

This is a summary-judgment appeal;[2] the trial court considered competing

motions for summary judgment and granted summary judgment for Appellee

---

[1]*See* Tex. R. App. P. 47.4.

[2]This case was originally submitted with oral argument on April 1, 2014, before a panel consisting of Chief Justice Livingston, Justice Gardner, and Justice McCoy. The court, on its own motion on February 13, 2015, ordered this

Sheree Lucas. Appellant Jerald Miller raises seven issues challenging the summary judgment granted for Lucas and raising other issues. For the reasons set forth below, we will hold that the trial court properly granted summary judgment for Lucas on her breach-of-fiduciary-duty claim that alleged Miller had engaged in self-dealing by transferring property owned by his aunt Louise Miller Mitchell to himself (or to his son) pursuant to a durable power of attorney that he had obtained from his aunt. But because the relief set forth in the judgment exceeds the relief requested by Lucas, and because Lucas concedes this fact, we will modify the judgment to conform the relief granted by the judgment to the relief requested by Lucas, and we will affirm the judgment as modified.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The summary-judgment evidence established that Mitchell owned property located at 3621 North Littlejohn Avenue (the Property) in Fort Worth. In June 2006, Mitchell executed a statutory durable power of attorney in favor of Miller. Nine months later in March 2007, Miller, acting under the power of attorney, executed a general warranty deed that transferred the Property from Mitchell to "J. Miller."[3] Mitchell died the following year, and the executor of her estate

case reset without oral argument on March 3, 2015; assigned this case to a new panel, consisting of Chief Justice Livingston, Justice Walker, and Justice Sudderth; and assigned the undersigned to author this opinion.

[3]Throughout his brief, Miller asserts that "title [to the Property] was held by Miller pursuant to a deed executed *by Miller to himself* by means of a power of attorney granted by Mrs. Mitchell." [Emphasis added.] At oral argument, however, it was argued for the first time that Miller had actually transferred the

2

instituted proceedings in the probate court to probate Mitchell's will. The distributees of Mitchell's estate entered into a family settlement agreement and assigned to Lucas the right to pursue the estate's claim for recovery of the Property.

Lucas filed suit against Miller for breach of fiduciary duty and requested that the Property be conveyed in fee simple to her and that any liens or other encumbrances against the Property that were created by Miller be declared void. Miller answered, asserting a general denial and raising several affirmative defenses; Miller also counterclaimed, seeking a declaratory judgment that he was the owner of the Property and that the notice of lis pendens filed by the temporary administrator of Mitchell's estate was no longer valid.

The parties then filed competing motions for summary judgment. Lucas's motion for summary judgment requested judgment against Miller for breach of fiduciary duty via self-dealing and that the Property be immediately conveyed to Lucas free of any encumbrances placed upon the Property since March 9, 2007; Lucas waived all other causes of action and relief. Miller moved for summary judgment on his affirmative defenses of statute of limitations and standing and

property to his son in 2007; appellant's son—like appellant Jerald Miller—is "J. Miller," and the grantee in the deed is identified as "J. Miller." Because Miller's brief and his affidavit in support of his motion for summary judgment unequivocally state that Miller occupied, used, enjoyed, and paid taxes on the Property without interruption from the point in time when he utilized the durable power of attorney to transfer the property from Mitchell to "J. Miller," this is a distinction without a difference for purposes of Lucas's breach-of-fiduciary-duty claim in this case.

3

argued that the transfer of the Property to himself was fair and, in the alternative, that he had gained possession of the Property by adverse possession.

After considering the summary-judgment evidence, the trial court granted Lucas's motion for summary judgment and ordered "that judgment is entered in favor of [Lucas] and against [Miller] on the claim of Breach of Fiduciary Duty"; that the Property be conveyed immediately in fee simple to Lucas as her sole and separate property "free of encumbrances"; and that any encumbrance to the Property "is declared to be void, and shall not be taxed against" the Property or Lucas. The trial court denied Miller's motion for summary judgment. Miller then perfected this appeal.

### III. STANDARD OF REVIEW

We review a traditional summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To obtain summary judgment, the movant must establish that there are no issues of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005); *Nixon v. Mr. Prop. Mgmt.*, 690 S.W.2d 546, 548 (Tex. 1985). "An appellate court reviewing a summary judgment must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007). When reviewing a summary judgment we, "must consider whether reasonable and fair-minded jurors could differ in their

4

conclusions in light of all the evidence presented." *Id.* at 755. When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both sides' summary-judgment evidence, determine all questions presented, and render the judgment that the trial court should have rendered. *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010); *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

## IV. Lucas's Motion for Summary Judgment

### A. Trial Court Properly Granted Summary Judgment on Lucas's Claim for Breach of Fiduciary Duty

In his second and third issues, Miller argues that a declaratory judgment action, which is how Lucas titled her pleading, is an improper vehicle for resolving competing claims to title and that a trespass-to-try-title claim, which Lucas did not plead, is the exclusive remedy by which to resolve competing claims to property.

Here, although neither party's pleadings are perfectly clear, it is obvious that the trial court construed Lucas's pleadings as stating a claim for breach of fiduciary duty and seeking the remedy of equitable disgorgement;[4] Lucas's motion for summary judgment specifically sought summary judgment on her

_____

[4]Lucas's pleading alleges, in part, that "using the Power of Attorney, Defendant executed a *self[-]serving* deed whereby Defendant deeded to himself property belonging to Louise Miller Mitchell"; and sought "an order finding that Jerald Miller has engaged in misapplication and misappropriation of assets while under a fiduciary obligation." [Emphasis in original.]

5

breach-of-fiduciary-duty claim,[5] and her briefing on appeal also comports with this construction of her pleadings. *See Surgitek, Bristol–Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) (courts look to substance of pleading rather than its caption or form to determine its nature).

Miller's arguments on appeal challenge Lucas's pleadings, asserting that the only claim pleaded by Lucas was a declaratory-judgment claim. Miller did not specially except to Lucas's pleadings, nor did he file a response asserting that Lucas was not entitled to summary judgment on her breach-of-fiduciary-duty claim because she did not plead it. Instead, Miller filed a motion for summary judgment seeking judgment as a matter of law on Lucas's breach-of-fiduciary-

---

[5]Lucas's summary-judgment motion asserted in part that

A. Movant filed a claim against Non-Movant seeking affirmative relief for Breach of Fiduciary Duty via self[-]dealing. Movant is required to prove the existence of a fiduciary duty. Once the existence of a fiduciary duty has been proven, the burden of proof shifts to the Defendant to prove that the questioned transaction was maid [sic] in good faith, for fair consideration, and after full and complete disclosure of all material information to the principal. . . .

B. Movant claims there is no genuine issue of material fact as to any element of Breach of Fiduciary Duty via self[-]dealing and includes documentary evidence as summary[-]judgment evidence, referenced in an appendix attached hereto, . . . .

Lucas attached the durable power of attorney and the deed to her motion.

6

duty claim on the ground that it was barred by the statute of limitations and on the ground that Lucas did not have standing to bring her suit against Miller.[6]

Unpled claims may be tried by consent of the parties in a summary judgment context. *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006) (holding issues in summary judgment may be tried by consent); *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex. 1991) (finding "it would advance no compelling interest of the parties or our legal system to reverse a summary judgment simply because of a pleading defect" when parties allow issues to be tried by consent). Consequently, even if a liberal construction of Lucas's pleadings did not demonstrate that she had pleaded a claim for breach of fiduciary duty, that claim was tried by consent. *See, e.g.*, *Via Net*, 211 S.W.3d at 313; *Roark*, 813 S.W.2d at 495. Thus, the claim addressed by the trial court via Lucas's motion for summary judgment was a breach-of-fiduciary-duty claim. We therefore overrule the portions of Miller's second and third issues asserting that a declaratory-judgment claim was the claim pleaded by Lucas and was the claim upon which the trial court granted summary judgment for Miller and asserting complaints based on this erroneous premise.

To the extent the remaining portions of Miller's second and third issues may be liberally construed as challenging the trial court's summary judgment in

---

[6]Miller concedes in his reply brief that in fact Lucas had standing to bring suit based on the family settlement agreement. Accordingly, we overrule Miller's fourth issue in which he asserts the contrary.

7

favor of Lucas on her breach-of-fiduciary-duty claim, we dispose of those arguments here also. A power of attorney creates an agency relationship, which is a fiduciary relationship as a matter of law. *In re Estate of Miller*, 446 S.W.3d 445, 454–55 (Tex. App.—Tyler 2014, no pet.) (citing *Vogt v. Warnock*, 107 S.W.3d 778, 782 (Tex. App.—El Paso 2003, pet. denied); *Plummer v. Estate of Plummer*, 51 S.W.3d 840, 842 (Tex. App.—Texarkana 2001, pet. denied)). "When persons enter into fiduciary relations[,] each consents, as a matter of law, to have his conduct towards the other measured by the standards of the finer loyalties exacted by courts of equity." *Estate of Miller*, 446 S.W.3d at 455 (quoting *Tex. Bank & Trust Co. v. Moore*, 595 S.W.2d 502, 508 (Tex. 1980)). Consequently, a fiduciary owes his principal a high duty of good faith, fair dealing, honest performance, and strict accountability. *Id.* Lucas's motion for summary judgment pleaded that Mitchell had signed a statutory durable power of attorney on June 29, 2006, and attached a copy of the power of attorney that Mitchell executed. Lucas pleaded that on March 9, 2007, Miller utilized the durable power of attorney to "executed a self[-]serving deed whereby Defendant Deeded to himself, without consideration, the real property belonging to [Mitchell]." A copy of the deed was attached to Lucas's summary-judgment motion. Viewing the summary-judgment evidence in the light most favorable to Miller, the evidence conclusively establishes that Miller breached his fiduciary duty to Mitchell by utilizing the power of attorney to transfer the Property

8

belonging to Mitchell to himself.[7]  Accordingly, we hold that the trial court did not err by granting summary judgment to Lucas on the breach-of-fiduciary-duty claim, and we overrule the remainder of Miller's second and third issues to the extent they may be construed as asserting the contrary.

## B.  Relief Granted Exceeded Relief Sought

In his first issue, Miller complains that Lucas's summary-judgment motion waived her "claim" to void all encumbrances and did not request the trial court to void encumbrances that existed prior to March 9, 2007.  Miller's waiver argument is predicated on the fact that Lucas's summary-judgment motion expressly "waive[d] all causes of action and relief not requested in this Motion for Summary Judgment."  As set forth above, the cause of action Lucas moved for summary judgment on was her breach-of-fiduciary-duty claim, so that claim was not waived under the waiver provision in her motion for summary judgment.

The relief sought by Lucas in her summary-judgment motion was that the Property be ordered conveyed to her "free and clear of any and all encumbrances placed upon the property since March 9, 2007."  After determining that Miller had breached his fiduciary duty to Mitchell and that Miller's conveyance of the Property to himself was void as a matter of law, the trial

---

[7]Also, based on this evidence, Miller appears to concede that Lucas proved as a matter of law that he had breached his fiduciary duty to Mitchell by transferring the Property to himself.  Miller's reply brief states, "[I]t is hardly equitable to deprive Miller of his claims against the property[] because of the breach of fiduciary duty, which is the only thing that Lucas proved to the trial court."

9

court's summary judgment for Lucas indicated that the Property was to be conveyed to Lucas "free and clear of all encumbrances." Miller contends that the waiver provision in Lucas's motion for summary judgment waived this relief because she did not request it in her summary-judgment motion.

A summary judgment may not grant the movant more relief than sought in the motion for summary judgment. *See, e.g.*, *Mafrige v. Ross*, 866 S.W.2d 590, 592 (Tex. 1993), *overruled in part by Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001), (holding that summary judgment may not grant more relief than that requested in the motion). In her reply brief and during oral argument, Lucas conceded that the judgment's "free-of-encumbrances" language exceeds the relief that she requested in her motion for summary judgment and should be deleted from the judgment.

Accordingly, we sustain Miller's first issue to the extent it complains of the "free-of-encumbrances" language in the summary judgment for Lucas. We will modify the judgment (1) to specify that Lucas take the Property free of any encumbrances placed upon the Property since March 9, 2007, and (2) to delete the portion voiding all encumbrances. *Accord Chesapeake Operating, Inc. v. Denson*, 201 S.W.3d 369, 374 (Tex. App.—Amarillo 2006, pet. denied) (modifying judgment that declared rights of parties under a division order because judgment exceeded the scope of relief requested by appellee). We overrule the balance of Miller's first issue to the extent it may be construed as raising other complaints.

10

## V. MILLER'S OTHER ISSUES

Miller's fifth issue complains that the trial court did not allow him to present in a full trial the facts stated in his affidavits. Miller's sixth issue complains that the judgment of the trial court does not resolve all issues of title.[8] Miller's seventh issue asserts that the only way to resolve issues of title is to remand the case. Because these issues are without merit in the context of competing summary-judgment motions when the issues were not raised in Miller's answer nor were they asserted in his motion for summary judgment or in a response to Lucas's summary-judgment motion, we overrule them.

## VI. MOTION FOR SANCTIONS

Miller has filed a motion for sanctions with this court, requesting that we order Lucas to pay $4,868 in sanctions for the attorney's fees and the mediator's fees that Miller incurred as a result of Lucas's failure to attend an appellate mediation. Following oral argument on April 1, 2014, this court issued an order referring the parties to mediation and abating this appeal. We ordered the parties to complete mediation by May 8, 2014. The parties agreed to a full day of mediation on May 2, 2014, beginning at 9:30 a.m.

According to Miller, he and his attorney arrived timely for the scheduled mediation and paid the mediation fee of $500. At approximately 9:40 a.m., the

---

[8]Our affirmance of the trial court's judgment for Lucas, as modified, obviously does not preclude other legal action necessary to enforce the judgment.

mediator notified Miller and his attorney that Lucas was having car trouble and was stranded about two hours away from Fort Worth. During subsequent calls, Lucas extended her arrival time. At 1:20 p.m. when Lucas's exact arrival time was still unknown, Miller allegedly asked the mediator to reschedule the mediation because a full day of mediation could not be conducted.

On May 7, 2014, the mediator notified this court that the parties did not settle their dispute at the May 2, 2014 mediation and requested an additional thirty-day abatement to allow the parties another opportunity to settle; the request was granted. The following month, the mediator notified this court that the parties did not settle during the additional thirty-day abatement, and this court ordered the appeal reinstated on June 10, 2014.

Subsequently, Miller filed a motion for sanctions requesting us to order Lucas to pay him $4,868 in attorney's fees and the mediator's fees that he incurred as a result of Lucas's failure to attend the May 2, 2014 mediation. Lucas filed a response to Miller's motion for sanctions; she asserted that she was available by phone the entire day of the May 2, 2014 mediation and that her failure to appear on time for the scheduled mediation was not in bad faith but was entirely due to unforeseen circumstances beyond her control.

Having considered Miller's motion for sanctions and Lucas's response, we deny Miller's motion for sanctions.[9] *Accord Columbia N. Hills Hosp. Subsidiary,*

---

[9]Other courts have issued sanctions for a failure to attend mediation when the failure to attend was in violation of express language in the court's mediation

12

*L.P. v. Alvarez*, 382 S.W.3d 619, 631 (Tex. App.—Fort Worth 2012, no pet.) (stating that appellate sanctions should be imposed only in the most egregious circumstances).

## VII. CONCLUSION

Having disposed of the issues presented by Miller in this appeal and having held that the trial court properly granted summary judgment for Lucas on her breach-of-fiduciary-duty claim but that the relief granted in the judgment exceeded the relief sought by Lucas in her summary-judgment motion, we modify the trial court's judgment as follows. The fifth paragraph of the second page of the judgment is ordered modified to add the italicized language so that it reads: "**IT IS FURTHER ORDERED** that the property commonly known as 3621 North Littlejohn Avenue, Fort Worth, Texas 76105, be conveyed immediately, in fee simple, to Plaintiff Sheree Lucas, as her sole and separate property, *free of encumbrances placed upon the property since March 9, 2007*." The sixth paragraph of the second page of the judgment is ordered deleted in its entirety, so that the following entire paragraph is deleted—"**IT IS FURTHER ORDERED** that any encumbrance to the property commonly known as 3621 Littlejohn Avenue, Fort Worth, Texas 76105, is declared to be void, and shall not be taxed

---

order. *See, e.g.*, *Russell v. Winn, Beaudry & Winn*, No. 05-09-00016-CV, 2009 WL 998692, at *1 (Tex. App.—Waco Apr. 15, 2009, no pet.) (mem. op.). The mediation order here contained no such language.

13

against the property or Plaintiff Sheree Lucas." As so modified, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and SUDDERTH, JJ.

DELIVERED: May 21, 2015