# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00008-CV

**Paul D. Simmons, Appellant**

**v.**

**Teresa A. Simmons, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
### NO. B130232F, HONORABLE BEN WOODWARD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Paul D. Simmons and Teresa A. Simmons divorced in New Mexico in 1987. In 2013, Teresa registered the parties' New Mexico divorce decree in Texas. Teresa subsequently filed a Petition for Enforcement of Order, seeking to enforce a provision of the decree concerning the division of Paul's retirement benefits. Following a bench trial, the trial court rendered judgment granting Teresa's request to enforce the provision. In one issue, Paul contends that the enforcement action was barred by the statute of limitations, and therefore the trial court abused its discretion by rendering judgment in favor of Teresa. We will affirm the trial court's judgment.

## BACKGROUND

Paul and Teresa divorced in 1987 in New Mexico and jointly executed a Child Custody, Support, and Property Settlement Agreement for the disposition of their marital property. The settlement agreement was approved by the New Mexico trial court and incorporated into the

court's Decree of Dissolution of Marriage. Under a provision of the settlement agreement, Teresa was to receive a portion of Paul's retirement benefits acquired through his employment with Conoco, to be paid if, as, and when received by Paul.

Paul retired from Conoco in 2004. On November 1, 2004, Paul cashed out his retirement benefits from Conoco, receiving a check for $295,500.61, and used the money to pay off certain debts. As of the date of the subsequent enforcement action, none of the money remained in Paul's possession.

Teresa learned of Paul's cashing in his retirement benefits from their daughter in 2012. On March 28, 2013, Teresa registered the parties' New Mexico divorce decree in Texas and notified Paul of the registration. Paul filed a Response to Notice of Registration of Foreign Order, raising the affirmative defenses of statute of limitations and laches. Teresa then filed a Petition for Enforcement of Order, seeking to enforce the provision of the divorce decree awarding her a portion of Paul's retirement benefits.

After a bench trial, the trial court rendered judgment denying Paul's affirmative defenses and granting Teresa's request to enforce the decree provision. The trial court awarded Teresa a total money judgment of $51,635.60. In its findings of fact and conclusions of law, the trial court concluded that the earliest Teresa learned about the retirement distribution to Paul was after August 2012, at which time the statute of limitations began to run. The trial court also concluded that the suit was properly filed within the two-year statute of limitations for a suit to enforce the division of future property not in existence at the time of the original decree. This appeal followed.

2

## STANDARD OF REVIEW

A trial court's decision on a motion for enforcement is reviewed for an abuse of discretion. *Mayorga v. Mayorga*, No. 03-13-00783-CV, 2015 WL 2214593, at \*3 (Tex. App.—Austin May 8, 2015, no pet.) (mem. op.); *DeGroot v. DeGroot*, 369 S.W.3d 918, 921 (Tex. App.—Dallas 2012, no pet.). The test for abuse of discretion is whether the trial court acted unreasonably, arbitrarily, or without reference to guiding rules and principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Mayorga*, 2015 WL 2214593, at \*3.

## DISCUSSION

Paul contends that because the statute of limitations began to run at the time of Teresa's injury and not her discovery of the injury, the claim is barred by the statute of limitations. The trial court, however, concluded that the discovery rule applied to Teresa's claim and tolled the running of the limitations period.

Generally, a claim accrues when a wrongful act causes some injury. *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996). An exception is the "discovery rule," which defers accrual of a claim until the injured party learns of or should have learned of, in the exercise of reasonable diligence, the wrongful act. *Cosgrove v. Cade*, 468 S.W.3d 32, 36 (Tex. 2015). The discovery rule is a "very limited exception," *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996), *superseded by statute on other grounds*, Act of Apr. 17, 1997, 75th Leg., R.S., ch. 26 §§ 1-4, 1997 Tex. Gen. Laws 68, 68, *as recognized in Baker Hughes, Inc. v. Keco R. & D., Inc.*, 12 S.W.3d 1, 3 (Tex. 1999), and applies to injuries that are (1) inherently undiscoverable and (2) objectively verifiable. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 229 (Tex. 2015).

3

Paul argues that the discovery rule is inapplicable to Teresa's claim because Teresa failed to plead the discovery rule and thereby waived it. *See Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex. 1988) (holding that when party fails to plead discovery rule, it is waived). Should we conclude, however, that the discovery rule was sufficiently pleaded, Paul alternatively argues that the discovery rule is inapplicable because Teresa's injury was not inherently undiscoverable.

***Trial by Consent***

Assuming, without deciding, that Teresa did in fact fail to plead the discovery rule, it can nevertheless be treated in all respects as pleaded if tried by the consent of the parties. Under Rule 67 of the Texas Rules of Civil Procedure, "when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Tex. R. Civ. P. 67. A party who allows an issue to be tried by consent and "fails to raise the lack of a pleading before submission of the case cannot later raise the pleading deficiency for the first time on appeal." *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex. 1991).

An issue is tried by consent when evidence on the issue is developed during trial without objection under circumstances indicating that both parties understood the issue being contested. *Gharbi v. Hemmasi*, No. 03-07-00036-CV, 2015 WL 4746682, at *4 (Tex. App.—Austin Aug. 6, 2015, no pet.) (mem. op.). The relevant inquiry is not whether the record contains evidence of the issue, but rather whether it contains evidence of trial of the issue. *Earthkeepers, LLC v. Haag*, No. 03-13-00135-CV, 2014 WL 1432663, at *9 (Tex. App.—Austin Apr. 11, 2014, pet. denied)

4

(mem. op.). Where evidence relevant to an unpleaded matter is also relevant to a pleaded issue, trial by consent is inapplicable. *Case Corp. v. Hi-Class Bus. Sys. of Am., Inc.*, 184 S.W.3d 760, 771 (Tex. App.—Dallas 2005, pet. denied).

At trial, both sides expressly addressed when Teresa became aware of her injury, a fact relevant only insomuch as it pertains to the tolling of the statute of limitations under the discovery rule. During cross-examination, Paul testified that Teresa knew, or should have known, where he worked "all the time . . . [t]hrough contact of our children." Teresa similarly testified that she first learned Paul had cashed in his retirement from her daughter in 2012. When pressed to explain the length of time between Paul's retirement and the filing of her claim, Teresa testified that at a dinner prior to Paul's retirement, Paul had acknowledged his owing her a percentage of his retirement benefits, stating, "I know, I know, I know. I won't forget." Teresa then asked of Paul's attorney, "So I—what would you have me do?"

Moreover, both Paul's and Teresa's attorneys in their closing arguments referenced the statute of limitations for Teresa's claim in relation to her discovery of the injury. Teresa's attorney stated, "[I]t's less than two years from the time she learned about it, which would cover the enforcement under the—our family code and would also be within the four year statute of limitations." Paul's attorney countered, "This is a woman who, notwithstanding here the representations might have been made, would certainly be aware of even the outside four year statute of limitation which . . . would have run in 2008 from knowledge that she was charged with in 2004."

Given both parties' presentation of evidence and argument on the applicability of the discovery rule and the development of the issue at trial without objection, we conclude that the issue

5

was tried by consent and therefore was not waived. Because the issue was not waived, we must address Paul's contention that Teresa's injury was not inherently undiscoverable.

### *Inherently Undiscoverable*

Paul further argues that if we conclude that Teresa did not waive the discovery rule, she nevertheless failed to prove that her injury was inherently undiscoverable. The inherently undiscoverable requirement of the discovery rule encompasses two distinct components: the nature of the injury and the reasonable diligence exercised by the injured party. *Swanson v. Stouffer & Assocs., LLP*, No. 03-12-00071-CV, 2014 WL 2522145, at *3 (Tex. App.—Austin May 30, 2014, no pet.) (mem. op.). The requirement is satisfied on a categorical basis, with the focus being on whether a type of injury rather than a particular injury or its circumstances was discoverable. *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 314 (Tex. 2006). An injury is inherently undiscoverable if it is, by its nature, "unlikely to be discovered within the prescribed limitations period despite due diligence." *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001).

Under section 9.011 of the Texas Family Code, the receipt by the non-owning party of property awarded to the owner in a decree of divorce "creates a fiduciary obligation in favor of the owner and imposes a constructive trust on the property for the benefit of the owner." Tex. Fam. Code § 9.011. A fiduciary relationship was created as a matter of law when Paul received a check for his retirement benefits from Conoco. Upon receipt, Paul held the portion of his retirement benefits awarded to Teresa under the New Mexico divorce decree in constructive trust for her benefit. By failing to immediately surrender that portion to Teresa, Paul breached his fiduciary duty.

6

The Texas Supreme Court has held that there is a presumption that a fiduciary's misconduct is inherently undiscoverable, the rationale being that a person owed a fiduciary duty is "either unable to inquire into the fiduciary's actions or unaware of the need to do so." *S.V.*, 933 S.W.2d at 8; *see also Altai*, 918 S.W.2d at 456. "While a person to whom a fiduciary duty is owed is relieved of the responsibility of diligent inquiry into the fiduciary's conduct," *S.V.*, 933 S.W.2d at 8, he or she still has some responsibility to ascertain when an injury occurs. *Altai*, 918 S.W.2d at 456; *Poth v. Small, Craig & Werkenthin, L.L.P.*, 967 S.W.2d 511, 515 (Tex. App.—Austin 1998, pet. denied). In other words, facts "which might ordinarily require investigation likely may not excite suspicion where a fiduciary relationship is involved." *Willis v. Maverick*, 760 S.W.2d 642, 645 (Tex. 1988).

Paul did not overcome the presumption that a breach of fiduciary duty is inherently undiscoverable. To do so, Paul would need to have shown that Teresa discovered or should have discovered her injury more than two years prior to her filing suit. However, at trial Paul merely insinuated that Teresa "should have known where I was at," either through "contact of our children" or by virtue of her specialized knowledge as a licensed attorney. Though in his brief Paul argued that Teresa should have obtained a qualified domestic relations order or maintained regular contact with Paul or Conoco, such arguments were not presented to the trial court. Therefore, we hold that the trial court did not abuse its discretion in applying the discovery rule and enforcing the retirement benefits provision of Paul and Teresa's New Mexico divorce decree. Accordingly, we overrule Paul's sole issue.

7

**CONCLUSION**

Having overruled Paul's sole issue on appeal, we affirm the judgment of the trial court.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed:   January 14, 2016