**Affirmed and Majority and Concurring Opinions filed September 15, 2016.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-15-00061-CV

---

### B. MAHLER INTERESTS, LP, Appellant

### V.

### DMAC CONSTRUCTION, INC., Appellee

---

**On Appeal from the 152nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-64035**

---

## C O N C U R R I N G   O P I N I O N

In today's statute-of-limitations analysis we consider whether the discovery rule tolls the running of limitations on the plaintiff's breach-of-contract and breach-of-warranty claims. The discovery rule does not apply because the types of injuries alleged are discoverable. Thus, the discovery rule does not toll the running of limitations on these claims. In affirming the trial court's judgment, the majority reaches the correct conclusion — that the discovery rule does not toll the running of limitations — but for the wrong reasons.

The majority concludes the trial court did not err in determining that the discovery rule did not toll the statute of limitations on appellant/plaintiff B. Mahler Interests, L.P.'s breach-of-contract and breach-of-warranty claims. According to the majority, the statute of limitations bars Mahler's claims against appellee/defendant DMAC Construction, Inc. stemming from that company's construction of allegedly defective porches and installation of interior-grade doors on the exterior because Mahler actually discovered the alleged defects four years before filing suit.

**A. The discovery rule does not apply to categories of injuries that are discoverable.**

Claims typically accrue when the defendant's actionable conduct causes some legal injury.[1] But, under the discovery rule, accrual of a claim may be deferred if the nature of the injury is inherently undiscoverable and the evidence of injury is objectively verifiable.[2] The Legislature has adopted the discovery rule in some cases, rejected it in some, and stood silent in others.[3] Our lawmakers have expressly rejected application of the discovery rule in contract cases involving the sale of goods.[4] While the Legislature's silence on accrual in some cases leaves that question to the courts, the Supreme Court of Texas has restricted application of the discovery rule to exceptional cases to avoid defeating the purposes behind the

---

[1] *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006).

[2] *Id.*

[3] *Id.*

[4] *Id.*

2

limitations statutes.[5]

An injury is inherently undiscoverable if, by its nature, the injury is unlikely to be discovered within the prescribed limitations period despite due diligence.[6] This legal question is decided on a categorical rather than case-specific basis; the focus is on the discoverability of the *type* of injury rather than the *particular* injury.[7]

A breach-of-contract claim accrues when the contract is breached.[8] Three times the Supreme Court of Texas has refused to apply the discovery rule to defer accrual until a breach of contract is discovered.[9] Though the high court has not categorically excluded the possibility that the discovery rule may apply to a type of injury that is the subject of a contract claim, the high court has stated that those cases should be rare, as diligent contracting parties generally should discover any breach during the relatively long four-year limitations period provided for such claims.[10]

## B. The type of injuries the plaintiff alleged are discoverable.

### 1. Injury Resulting from Alleged Defects in the Porches

In its live pleading Mahler sought to recover based on injuries resulting from alleged defects in the porch construction. Mahler contended that DMAC used improper construction methods and inadequate materials, including undersized

---

[5] *Id.*

[6] *Id.*

[7] *Id.* at 314.

[8] *Id.*

[9] *See id*; *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 737 (Tex. 2001); *HECI Exploration Co. v. Neel,* 982 S.W.2d 881, 888 (Tex. 1998).

[10] *Via Net*, 211 S.W.3d at 314–15.

beams, excessive spacing between beams, and inadequate beam supports, such that the porches sagged and were "inadequate to support [their] own weight." According to the 2007 inspection, the surface of the roof at the east porch off the reception building appeared uneven and corresponded to sags and unevenness at the ceiling below this area, making the defect visible. Also evident was a significant sag over the barbeque area outside of the bar. Though the focus is on whether the type of injury rather than the particular injury was discoverable, the notations in the report show that this type of injury is visible.[11] Mahler noted in an e-mail that the porch ceilings had "started to have a wave-look to them." The type of injury allegedly resulting from the purported defects in the porch-roofs claim is not, by its nature, unlikely to be discovered within the prescribed limitations period despite due diligence; therefore, this type of injury is not inherently undiscoverable.[12] Thus, the discovery rule does not apply to the porch-roofs claim.[13]

### 2. Interior-grade doors

In its live pleading Mahler sought to recover based on injuries resulting from the installation of interior-grade doors in exterior locations. Shortly after the construction, the doors were not shutting properly, the latches did not line up, and the doors were cracking and peeling. These types of issues can be seen. Because the type of injury allegedly resulting from the installation of interior-grade doors in

---

[11] *See Clark v. Dillard's, Inc.*, 460 S.W.3d 714, 722 (Tex. App.—Dallas 2015, no pet.) (holding that discovery rule did not apply to visible injury although plaintiff did not discover injury); *Belares Link Exp., S.L. v. GE Engine Services-Dallas, LP*, 335 S.W.3d 833, 838 (Tex. App.—Dallas 2011, no pet.) (noting that an injury that is actually discovered could not be in a category that is inherently undiscoverable).

[12] *See Via Net*, 211 S.W.3d at 313–15; *Brown v. Caldwell & Family Custom Homes, Inc.*, No. 02-11-00490-CV, 2012 WL 4662544, at *3–4 (Tex. App.—Fort Worth Oct. 4, 2012, no pet.) (noting that visible defects are discoverable) (mem. op.).

[13] *See Via Net*, 211 S.W.3d at 313–15; *Brown*, 2012 WL 4662544, at *3.

4

exterior locations is not, by its nature, unlikely to be discovered within the prescribed limitations period despite due diligence, this type of injury is not inherently undiscoverable.[14] Therefore, the discovery rule does not apply to this claim.[15]

### 3. Residential-grade floors

In its live pleading Mahler sought to recover based on injuries resulting from the alleged installation of residential-grade floors in lieu of commercial-grade floors. The evidence showed that the floor was made of a composite material and that the product was residential grade rather than commercial grade. Mahler noticed that the floor showed signs of wear and tear in 2010. With a phone call to the manufacturer, Mahler confirmed the grade of the floors. Mahler knew the type of flooring that had been used on the project and was able to discover the breach through a telephone inquiry.

The information needed to discover this type of defect is readily available. The type of injury allegedly resulting from the installation of residential-grade floors rather than commercial-grade floors is not, by its nature, unlikely to be discovered within the prescribed limitations period despite due diligence; therefore, this type of injury is not inherently undiscoverable.[16] The discovery rule does not apply to this claim.[17]

The majority reasons that the discovery rule did not toll the statute of

---

[14] *See Via Net*, 211 S.W.3d at 313–15; *Brown*, 2012 WL 4662544, at *3–4 (noting that visible defects are discoverable).

[15] *See Via Net*, 211 S.W.3d at 313–15; *Brown*, 2012 WL 4662544, at *3.

[16] *See Via Net*, 211 S.W.3d at 314; *Clear Lake Ctr., L.P. v. Garden Ridge, L.P.*, 416 S.W.3d 527, 544 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (holding that discovery rule did not apply because party could had sufficient information to discover breach by investigating).

[17] *See Via Net*, 211 S.W.3d at 314; *Clear Lake Ctr.*, 416 S.W.3d at 544.

limitations on Mahler's claims because the discovery rule does not apply to the residential-grade floors claim and because Mahler discovered the alleged defects relating to the porches and interior-grade doors four years before Mahler filed suit. But, the reason the discovery rule does not apply to any of Mahler's claims is because the type of injuries allegedly involved in these claims are not, by their nature, unlikely to be discovered within the prescribed limitations period despite due diligence and thus are not inherently undiscoverable. For this reason, the discovery rule does not toll the statute of limitations on these claims.

Though I respectfully decline to join the majority's analysis, I concur in the court's judgment.

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and Wise (Boyce, J., majority).