

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00105-CV
_____

RHEA MELTON, APPELLANT

V.

ROBERT WADDELL, APPELLEE

_____

On Appeal from the 110th District Court
Dickens County, Texas
Trial Court No. 4646; Hon. William P. Smith, Presiding
_____

October 30, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Rhea Melton appeals from a final summary judgment denying her recovery against her brother, Robert Waddell. Apparently, they were cotenants in two parcels of realty, which Rhea named Tract One and Tract Two in her live pleadings. Both tracts allegedly were used by Robert to conduct his own cattle operation. One tract was also the subject of a mineral lease under which Rhea and Robert received royalties. Regarding those royalties, the two individuals allegedly agreed to deposit them into a joint account against which both could and did draw checks. Apparently, the account was being used for that

purpose for more than fifteen years. During that period, though, Robert purportedly withdrew sums of money exceeding his proportionate ownership interest in the entire sums deposited. Rhea discovered this in 2015, withdrew the remaining funds, and closed the account. She then filed suit against Robert in February of 2016, alleging causes of action for breached fiduciary duty, conversion, and unjust enrichment. Robert responded by answer and with a no-evidence and traditional motion for summary judgment. The no-evidence aspect of the motion focused on the substance of Rhea's causes of action; that is, he argued that she had no evidence to establish them. The traditional aspect dealt with limitations, and therein, he argued that limitations barred her claim of breached fiduciary duty.[1] The trial court denied the no-evidence aspect of the motion, granted the other, and entered judgment denying Rhea recovery on all her causes of action. She appealed, alleging three issues. We reverse.

In *Jacks v. Zoning Bd. of Adjustment*, No. 07-18-00174-CV, 2019 Tex. App. LEXIS 5741, at *3–4 (Tex. App.—Amarillo July 9, 2019, no pet.) (mem. op.), we discussed the standard of review applicable in cases like that before us. That standard is used here.

Next, one proffering an affirmative defense as basis for summary judgment has the obligation to, as a matter of law, 1) prove when the cause of action accrued, and 2) negate the discovery rule, if applicable. *Gator Frac Heating & Rentals, L.L.C. v. Brooks*, No. 07-18-00312-CV, 2019 Tex. App. LEXIS 6519, at *5 (Tex. App.—Amarillo July 30, 2019, pet. filed) (mem. op.). Robert failed to do that.

Among the several claims alleged by Rhea against Robert was one involving the use of jointly owned realty on which to operate his cattle business. According to Rhea,

---

[1] The traditional aspect of the motion addressed neither the claim of unjust enrichment nor conversion.

2

"Robert . . . disregarded the ownership of Tract One and Tract Two in allocating receipts [she] . . . should have received from the livestock operations conducted by Robert" on the tracts. Neither she "nor the other owners of the properties[] have received any monetary disbursements from [him] for lease of the properties, sale of the livestock, or other benefits" he "received . . . related to the properties."

We note that Rhea alleged she and Robert were engaged in a fiduciary relationship regarding the joint account, and he breached that relationship by excessively expending funds from the account on his own behalf.[2] Robert attempted to attack the existence of that relationship through his no-evidence aspect of the motion for summary judgment. But, that request was denied him. Instead, summary judgment was awarded merely on the tenor of his traditional aspect of his motion, and it rested upon Rhea's purported ability to discover the alleged misconduct given her ready access to the account.

The discovery rule applies in instances of breached fiduciary duty. *Goughnour v. Patterson*, No. 12-17-00234-CV, 2019 Tex. App. LEXIS 1665, at *8–9 (Tex. App.—Tyler Mar. 5, 2019, pet. filed) (mem. op.). Normally, under that rule, the accrual of a cause of action is deferred until the plaintiff knew or, in exercising reasonable diligence, should have known of facts giving rise to the claim. *Id.* at *8. Yet, the second prong of the test is inapplicable in fiduciary situations. *Id.* That is, our Supreme Court deemed a fiduciary's misconduct to be inherently undiscoverable. *S.V. v. R.V.*, 933 S.W.2d 1, 8 (Tex. 1996). So, the person to whom the fiduciary duty is owed is relieved of the responsibility of

---

[2] In addressing the matter of limitations, Robert questions whether he and his sister were in a fiduciary relationship. The existence of such a relationship was encompassed within the no-evidence aspect of his motion for summary judgment, the aspect which the trial court expressly denied. Furthermore, he assigned no issue attacking the trial judge's determination on that point but, instead, invited us to address it if "this Court desires to undertake an analysis."

diligent inquiry.  *Id.*  That means the cause accrues when the misconduct becomes known or apparent.  *See id.; Goughnour*, 2019 Tex. App. LEXIS 1665, at *8–9.[3]  Consequently, Rhea's ready access to the account and her ability to have discovered the alleged misconduct had she used diligence is irrelevant given the alleged fiduciary relationship.  Furthermore, Rhea proffered summary judgment evidence indicating that she did not know of his supposed misconduct until 2015.  Having filed suit in 2016, a material issue of fact existed as to whether the four-year limitations period had lapsed.  *See Agar Corp. v. Electro Circuits Int'l, L.L.C.*, 580 S.W.3d 136, 139 (Tex. 2019) (noting that the four-year period applies to claims of breached fiduciary duty).

Furthermore, as previously indicated, Rhea and Robert allegedly were cotenants in Tracts One and Two.  In a cotenancy, the co-owners must share the income generated from the property as well as necessary expenses for the property's preservation.  *Trevino v. Trevino*, 64 S.W.3d 166, 174 (Tex. App.—San Antonio 2001, no pet.); *Walston v. Walston*, 971 S.W.2d 687, 696–97 (Tex. App.—Waco 1998, pet. denied); *accord Arriola v. Kutscherousky*, No. 07-15-00004-CV, 2015 Tex. App. LEXIS 9450, at *16 (Tex. App.—Amarillo Sept. 4, 2015, no pet.) (mem. op.) (noting a cotenant's right to receive his share of royalties or profits less expenses).  The sum and substance of Robert's traditional motion for summary judgment focused on expenditures from a joint bank account and whether limitations ran upon claims related to those expenditures.  Nothing was said of his purported failure to share profits generated from his use of Tracts One and Two, irrespective of whether he and Rhea were in a fiduciary relationship.  He presented no evidence establishing elemental matters like 1) when those purported claims accrued, 2)

---

[3] Roberts mention of *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310 (Tex. 2006) (per curiam), is inconsequential since it did not involve purported fiduciaries.

when, if ever, he ceased his cattle operations on the two tracts, or 3) when Rhea knew of his cattle operations.

We finally comment on Robert's failure to aver in his motion for summary judgment that limitations had expired as to the conversion and unjust enrichment claims urged by Rhea. Generally, it is error to grant summary judgment on claims that were not addressed in the motion. *G & H Towing Co. v. Magee, 347* S.W.3d 293, 297 (Tex. 2011) (per curiam). Robert attempts to avoid this rule by invoking an exception holding that the purported error is harmless "when the omitted cause of action is precluded as a matter of law by other grounds raised in the case." *Id.* at 298. We find the exception inapplicable for he did not negate Rhea's claim for a share of the income generated from Tracts One and Two. This demand for a proportionate share may or may not fall within the scope of either conversion or unjust enrichment, irrespective of any fiduciary relationship. It may or may not fall outside the applicable limitations periods, irrespective of any fiduciary relationship. Yet, it is not our obligation to resolve those matters on behalf of Robert, especially when he said nothing of the claim, its elements, or its viability in his appellate brief. Thus, the *G & H* exception has not been satisfied.

In sum, Robert failed to prove, as a matter of law, that limitations expired on all of Rhea's claims. We reverse the final summary judgment denying Rhea recovery and remand the cause to the trial court.

Per Curiam