

# NUMBER 13-21-00294-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

KENNETH COOLEY,                                                      Appellant,

v.

DEANSTEEL MANUFACTURING
COMPANY,                                                                  Appellee.

### On appeal from the 343rd District Court
### of San Patricio County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva**
**Memorandum Opinion by Justice Hinojosa**

Appellant Kenneth Cooley appeals the trial court's order granting a no-evidence

summary judgment as to his negligence claim against appellee Deansteel Manufacturing

Company (Deansteel). In one issue, Cooley argues that the trial court erred in dismissing

his claim because he produced more than a scintilla of evidence as to each challenged

element. We affirm.

## I. BACKGROUND

In his live pleading, Cooley alleges he was working on an offshore oil rig called the Stampede pursuant to a contract agreement with Kiewit Offshore Services, Ltd, (Kiewit). Cooley maintains that he fell while attempting to climb a ladder to the top bunk of the Stampede's living quarters. Cooley alleged that he sustained severe and permanent injuries to his neck, lower back, and body in general. Cooley sued Kiewit, Deansteel, and Jamestown Metal Marine Sales, Inc. (Jamestown) for negligence in failing to provide a safe workplace. Cooley alleged that each defendant failed to: (1) perform adequate inspection of work; (2) coordinate work activity aboard the rig; (3) identify hazards associated with the workplace; (4) warn of hazards associated with the workplace; and (5) remove hazards from the workplace. Cooley also complained of each defendant's "general acts or omissions that constitute negligence." Although not stated in Cooley's petition, the record demonstrates that Deansteel manufactured the bunk from which Cooley fell. Jamestown assembled the bunk once it was delivered to the Stampede, which was being built by Kiewit.

Deansteel filed a no-evidence motion challenging the duty, breach, and causation elements of Cooley's negligence claim. Specifically, Deansteel argued that it had no duty to provide Cooley a safe workplace, because it was not Cooley's employer and exercised no control over the worksite. While alleging no-evidence grounds for summary judgment, Deansteel nonetheless attached the following evidence to its motion: (1) a purchase order to manufacture several bunks; (2) Cooley's deposition testimony; and (3–5) the deposition

2

testimony of each defendant's corporate representative. Deansteel's summary judgment evidence generally established that the bunk involved in Cooley's injury was manufactured by Deansteel, but that it had no employment relationship with Cooley and did not exercise control over the operation of the Stampede.

Cooley filed a response to Deansteel's no-evidence motion for summary judgment, attaching the following evidence: (1) Cooley's affidavit; (2) the incident report of the accident; (3) photographs of bunks on other oil rigs; (4) a shop drawing of the bunk; (5) photographs of the bunk; (6) the deposition transcript of Deansteel's corporate representative; and (7) Cooley's medical records.

Cooley's evidence showed that Deansteel designed and manufactured the bunk involved in Cooley's injury. According to Cooley's affidavit, he was working on the Stampede as a night cook when his supervisor ordered him to remake the linens of the bunks. Cooley climbed the ladder to reach the top of one of the bunks and grabbed the safety rail.[1] The safety rail came loose in Cooley's hand causing him to fall to the floor. Cooley suffered back, neck, and spine injuries as a result. Cooley stated that he later learned the bunk had a grab bar used to access the top bunk. The grab bar was attached to the wall at the foot of the top bunk, but it was obscured by a curtain at the time of Cooley's fall. Cooley stated that the safety rail did not include a warning that it was removable from the bed frame. Cooley further claimed that there were no instructions indicating that the grab bar could be found behind the privacy curtain. Cooley stated that in his eleven years working offshore, he has never encountered safety rails that were not

---

[1] The record reflects that a safety rail's purpose is to prevent the top bunk occupant from rolling off the top bunk while sleeping.

3

permanently attached to the bed frame. A photograph of the bunk at issue showed the safety rail removed from the top bunk. Another photograph showed that the grab bar used to access the top bunk was obscured by the bunk's privacy curtain. Several photographs of bunks located on other offshore rigs showed the bunk's safety rail permanently affixed to the frame of the bunk.

Cooley argued that Deansteel owed a duty to him as the designer and manufacturer of the bunk that was involved in his injury. Cooley argued that Deansteel breached this duty by designing a bunk bed with a removable safety rail. Cooley also maintained that Deansteel should have included a warning that the safety rail was removable and that users should use the grab bar behind the privacy curtain to access the top bunk.

Deansteel filed a reply to Cooley's response, objecting to Cooley's assertion of claims that were not contained in Cooley's pleadings and noting that the deadline to amend pleadings had expired. Specifically, Deansteel objected to Cooley raising claims such as strict products liability and negligent manufacturing and design. Cooley filed a sur-reply generally reviewing the evidence supporting his claims. Cooley thereafter moved to dismiss his claims against Jamestown and Kiewit on account of the parties having settled. In separate orders signed the same day, the trial court granted Cooley's motion to dismiss as well as Deansteel's no-evidence motion for summary judgment. Cooley filed a motion for new trial, which the trial court denied. This appeal followed.

## II.    PLEADED CLAIMS

As a threshold matter, we address Deansteel's argument that it was not required

4

to move for summary judgment regarding Cooley's claims raised for the first time in his summary judgment response. Deansteel asserts that it was required to move for summary judgment only as to Cooley's pleaded claim of negligence in failing to provide a safe workplace.

## A. Applicable Law

A defendant is not required to show that the plaintiff cannot succeed on any theory conceivable to obtain summary judgment; a defendant is only required to meet the plaintiff's case as pleaded. *Via Net v. TIG Ins.*, 211 S.W.3d 310, 313 (Tex. 2006) (per curiam). In other words, a defendant is not required to guess what unpleaded claims might apply and negate them. *Id.*; *see SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 355 (Tex. 1995); *Cook v. Brundidge, Fountain, Elliott & Churchill*, 533 S.W.2d 751, 759 (Tex. 1976). As such, a defendant need not move for summary judgment on "claims or analogous theories asserted in responses to the motion[] for summary judgment and subsequent briefs." *Kehler v. Eudaly*, 933 S.W.2d 321, 327 (Tex. App.—Fort Worth 1996, writ denied) (citing *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993)). "[W]hen a nonmovant asserts a claim for the first time in its summary judgment response, the movant has two options: (1) object that the claim was not pleaded, or (2) respond on the merits and try the issue by consent." *Roberts v. Wells Fargo Bank, N.A.*, 406 S.W.3d 702, 707 (Tex. App.—El Paso 2013, no pet.).

"Texas is a fair notice pleading jurisdiction[.]" *In re Odebrecht Constr., Inc.*, 548 S.W.3d 739, 746 (Tex. App.—Corpus Christi–Edinburg 2018, orig. proceeding). To have fair notice of a claim an opposing party must be able to "ascertain from the pleading the

5

nature and basic issues of the controversy and what testimony will be relevant." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 224 (Tex. 2017) (quoting *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000)). "Stated somewhat differently, the fair-notice standard measures whether the pleadings have provided the opposing party sufficient information to enable that party to prepare a defense or a response." *Id.* at 224–25; *see Bos v. Smith*, 556 S.W.3d 293, 305–06 (Tex. 2018) ("Pleadings must give fair notice of the nature and basic issues so the opposing party can prepare a defense.").

In the absence of special exceptions, we construe the pleading liberally in favor of the pleader. *Bos*, 556 S.W.3d at 306. "A court should uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged." *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993). In other words, if a pleading fails to include an essential element of a cause of action, the pleading should be challenged by special exceptions. *See Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982). "Even so, a liberal construction 'does not require a court to read into a petition what is plainly not there.'" *Bos*, 556 S.W.3d at 306 (quoting *Heritage Gulf Props., Ltd. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 658 (Tex. App.—Houston [14th Dist.] 2013, no pet.)). Thus, "when a plaintiff pleads none of the elements of a viable cause of action, the defendant is not obligated to file special exceptions that would suggest to the plaintiff possible causes of action against the defendant." *The Huff Energy Fund, L.P. v. Longview Energy Co.*, 482 S.W.3d 184, 198 (Tex. App.—San Antonio 2015), *aff'd sub nom. Longview Energy Co. v. Huff Energy Fund*

6

*LP*, 533 S.W.3d 866 (Tex. 2017) (citing *Crabtree v. Ray Richey & Co.*, 682 S.W.2d 727, 728 (Tex. App.—Fort Worth 1985, no writ)); *see also Moreno v. Ocadiz*, No. 13–19–00116–CV, 2021 WL 3085855, at *6 (Tex. App.—Corpus Christi–Edinburg July 22, 2021, pet. denied) (mem. op.). Further, "[w]hen a pleader provides both general and specific allegations, the specific controls, and the pleader cannot rely on the general allegations to expand the scope of the claim." *Bos*, 556 S.W.3d at 306.

## B. Analysis

In responding to Deansteel's no-evidence motion for summary judgment, Cooley presented evidence that purportedly supported claims for negligent manufacturing, design, and failure to warn. Deansteel objected to Cooley's attempt to raise these claims and thus did not try them by consent. *See Roberts*, 406 S.W.3d at 707. Therefore, we must determine if the claims were fairly raised by Cooley's pleadings.

Cooley's response focuses on Deansteel's liability as a product manufacturer and designer. In other words, Cooley attempts to defeat the motion by raising negligence claims sounding in product liability. "In product liability actions, Texas law clearly distinguishes between negligence claims based on conduct and strict liability claims based on products." *Oasis Oil Corp. v. Koch Ref. Co. L.P.*, 60 S.W.3d 248, 252 (Tex. App.—Corpus Christi–Edinburg 2001, pet. denied). Strict liability claims focus on the condition of the product, while a negligent design or manufacturing claim focuses on whether the defendant exercised ordinary care in the product's design and production. *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 437 (Tex. 1997). Nevertheless, a negligent products liability claim, like a strict liability claim, is "predicated on the existence

7

of a safer alternative design for the product." *Id.* Similarly, a negligent failure to warn claim, like a strict liability marketing defect claim, focuses on whether a warning is necessary "to avoid creating an unreasonably dangerous product[.]" *Hanus v. Tex. Utils. Co.*, 71 S.W.3d 874, 879 (Tex. App.—Fort Worth 2002, no pet.).

Despite a liberal reading of Cooley's petition, we conclude that it does not contain claims for negligent manufacturing, design, and failure to warn. Cooley's live pleading alleges that each defendant was negligent in failing to provide a safe workplace. While Cooley alleges factually that he was injured while attempting to make the bed of the top bunk, he made no allegation that the bunk was negligently manufactured or designed or that the bunk was unreasonably dangerous absent a warning. Cooley does not even identify Deansteel as the manufacturer or designer of the bunk. Rather, Cooley complains only of the defendants' negligence in failing to provide a safe workplace. Further, Cooley's specific negligence allegations cannot be expanded by his more general complaint of each defendant's act or omissions that constitute negligence. *See Bos*, 556 S.W.3d at 306.

Cooley's pleadings do not allege a products liability action sounding in negligence, and we are not allowed—even under a liberal reading—to read a claim that is plainly not there. *See id.* Accordingly, Deansteel was not required to anticipate these unpleaded claims in moving for no-evidence summary judgment, *see Via Net*, 211 S.W.3d at 313, and the trial court could not have erred in granting summary judgment in that regard. *See SmithKline Beecham*, 903 S.W.2d at 354 (holding that defendant was not required to negate element of unpleaded negligent misrepresentation claim even where plaintiff

8

pleaded other negligence theories); *Boyles*, 855 S.W.2d at 599 (holding grossly negligent infliction of emotional distress was not reasonably inferred from allegation of negligent infliction of emotional distress); *see also Rosas v. Vela*, No. 13–19–00355–CV, 2020 WL 5056526, at *6 (Tex. App.—Corpus Christi–Edinburg Aug. 27, 2020, no pet.) (mem. op.) (concluding that defendant was not required to negate unpleaded theory of negligence to obtain summary judgment on plaintiff's negligence claim); *Roberts v. W-W Trailer Mfrs., Inc.*, No. 14–01–00065–CV, 2002 WL 220584, at *3 (Tex. App.—Houston [14th Dist.] Feb. 14, 2002, no pet.) (mem. op) ("An allegation raising this design defect contention is not contained in Roberts' pleadings, however, and thus cannot be considered for the first time on appeal."). We now address whether summary judgment was appropriate on Cooley's claim that Deansteel was negligent in failing to provide a safe workplace.

### III.  SUMMARY JUDGMENT

### A.  Standard of Review

We review a trial court's granting of summary judgment de novo. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021); *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013) (per curiam). "We review the summary judgment record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *Eagle Oil*, 619 S.W.3d at 705; *see Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007) (per curiam).

After an adequate time for discovery, a party may file a "no-evidence" motion for summary judgment asserting there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial.

9

TEX. R. CIV. P. 166a(i). "A no-evidence motion for summary judgment immediately shifts the burden to the nonmovant." *Energen Res. Corp. v. Wallace*, 642 S.W.3d 502, 514 (Tex. 2022). "To defeat a no-evidence motion, the non-movant must produce evidence raising a genuine issue of material fact as to the challenged elements." *Parker*, 514 S.W.3d at 220. "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). "[M]ore than a scintilla of evidence exists if the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Id.* at 601 (quoting *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

## B. Analysis

Because it is dispositive, we first address Deansteel's no-evidence challenge to the duty element of Cooley's claim. "The threshold inquiry in a negligence case is duty." *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022) (quoting *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)). Cooley's live pleading asserts a claim for the negligent failure to provide a safe workplace. The Texas Supreme Court has likened such a claim to a premises liability claim:

> [A]n employer has the same premises-liability duty to its employees as other landowners have to invitees on their premises. An invitee is one who enters the property of another with the owner's knowledge and for the mutual benefit of both. Employees working at their employers' premises fit this description, and . . . an employer's duty to make its premises reasonably safe for employees is in all material respects identical to a landowner's duty to make its premises reasonably safe for invitees.

*Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 201–02 (Tex. 2015) (cleaned up). As in any

10

negligence action, a defendant in a premises liability claim is liable only to the extent that it owes the plaintiff a legal duty. *Gen'l Elec. Co. v. Moritz*, 257 S.W.3d 211, 217 (Tex. 2008). Premises liability "rests on two theoretical assumptions: (1) the property owner controls the premises and is therefore responsible for dangerous conditions on it, and (2) the property owner is in a superior position to know of and remedy the dangerous condition[.]" *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 646 (Tex. 2016) (internal citations omitted). "Thus, the duty to make the premises safe or warn of dangerous conditions 'generally runs with the ownership or control of the property,' and a defendant's liability under a premises[-]liability theory rests on the defendant's assumption of control of the premises and responsibility for dangerous conditions on it." *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 474 (Tex. 2017) (quoting *Occidental*, 478 S.W.3d at 644). In assessing whether a duty exists, "the court's inquiry must focus on who had specific control over the safety and security of the premises, rather than the more general right of control over operations." *Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 23 (Tex. 1993).

Deansteel asserted in its no-evidence motion for summary judgment that it owed no duty to provide Cooley a safe workplace because it exercised no control of the workplace and was not Cooley's employer. In response, Cooley offered no evidence that Deansteel exercised any control over the details of Cooley's work or over the premises such that it had a duty to provide Cooley with a safe workplace. *See Austin*, 465 S.W.3d at 201–02. Rather, Cooley's response focused only on evidence supporting the unpleaded claims of negligent manufacture, design, and failure to warn. As such, the trial

11

court did not err in granting summary judgment and dismissing Cooley's suit. *See Parker*, 514 S.W.3d at 220. We overrule Cooley's sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Delivered and filed on the
25th day of August, 2022.